# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15 C 10579 |
| v. | Judge James B. Zagel |
| SANTIAGO GUTIERREZ-CEJA. | |

## MEMORANDUM OPINION AND ORDER

Defendant Santiago Gutierrez-Ceja pled guilty to illegal reentry into the United States. His Guideline sentence imposed by the Court was calculated on the basis of his illegal reentry and his prior felony conviction for possession with intent to distribute 22.6 kilograms of marijuana. Defendant sought appeal after his sentence, and he was given court-appointed counsel who filed an *Anders* brief. This led to the dismissal of his appeal, and Defendant did not seek further review.

About six months later, Defendant sought relief under a § 2255 motion. The § 2255 motion was of a familiar nature. The claim was that appellate counsel was inadequate in his performance on Defendant's appeal.

I set a schedule for Defendant to brief his claim, and in October 2014, I told the government to respond. Defendant was ordered to reply to the government's pleading. No reply was filed. But, two months after the due date for Defendant's reply, he filed a new motion seeking a sentence reduction. This reduction had nothing to do with the issues on appeal or, for that matter, the issues raised in his § 2255 motion.

What Defendant desired was a sentence reduction under Sentencing Guidelines 782 which provides the authority of judges to reduce a sentence, but that reduction can only be made in drug offenses. This argument was pointless because a 782 reduction cannot apply here.

1

Defendant was not convicted of a drug offense in this case; he was convicted of illegal reentry into the United States. The law which created Guideline 782 did permit limited retroactive changes in drug offenses but not in illegal reentry offenses by deported aliens. The original § 2255 claim was not ruled upon because it was not pursued. In my view, the first Santiago claim was simply abandoned for what appeared to be a better argument from his point of view. He refused my instruction to file a reply to support his claim. A § 2255 motion can proceed with more than one claim in the prisoner's rucksack but, to be effective, it has to be used and not simply thrown away. By the time of today's reliance on *Johnson v. United States*, 135 S.Ct. 2551 (2015), I find that the current materials are second or subsequent.

What was pursued was the request for a 782 sentence reduction, and that was denied in September, 2015 and closed. In any event, Defendant sought reduction of sentence and his claim was rejected.

The next act of Defendant was a new § 2255 motion in November, 2015. The difficulty for Defendant arises from a new § 2255 motion which was filed without authorization from the Court of Appeals. Authorization is required for filing of a second or successive application for relief. He does refer to some elements of his 2012 sentencing memorandum, but he does not mention the abandoning of his prior claims nor does he claim that this latest move is not a second or successive § 2255 motion. What is evident is that authorization of the Seventh Circuit for a second or subsequent authorization was not attempted.

In closing, I note later motions in November 2015 were offered too late in the process. I note also that *Johnson v. United States* is correctly analyzed and applied in the Government's response.

There is no constitutional error in the proceeding which led to the resolution for this case in both the District Court and the Court of Appeals. The motions of Santiago Gutierrez-Ceja are denied because the relief sought by Defendant is not warranted on this record.

ENTER:

James B. Zagel
United States District Judge

DATE: May 17, 2016